```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

TYRONE MONROE, 04-B-1474,

       Petitioner,

       -v-                                    09-CV-6366(MAT)
                                                    **ORDER**
DAVID ROCK,

       Respondent.
_____

### I.  Introduction

Petitioner Tyrone Monroe ("petitioner"), who is represented by counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his conviction of Assault in the First Degree (N.Y. Penal L. § 120.10(1)) and two counts of Criminal Possession of a Weapon in the Second Degree (former § 265.03(2)) in Monroe County Court following a jury trial before Judge Patricia D. Marks. Petitioner was sentenced as a second violent felony offender to aggregate terms of imprisonment totaling thirty two years, determinate, followed by an aggregate term of post-release supervision of ten years.

### II.  Factual Background and Procedural History

Petitioner's conviction stems from two incidents that occurred on July 22 and August 15, 2003, during which petitioner shot Derrick Thompson in the groin while in the vicinity of Phelps and Fulton Avenue in the City of Rochester.  Trial Tr. 218-220.

Following his conviction, petitioner filed a brief in support of his appeal to the Appellate Division, Fourth Department, arguing that: (1) the trial court erroneously admitted statements by the victim as "excited utterances"; and (2) the trial court abused its discretion by precluding evidence of the victim's positive cocaine test from the day of the shooting. Resp't Appx. D. The Appellate Division unanimously affirmed the judgment of conviction. People v. Monroe, 39 A.D.3d 1279 (4th Dept. 2007), lv. denied, 9 N.Y.3d 867 (2007).

By motion dated August 31, 2007, petitioner moved in Monroe County Court pursuant to N.Y. Crim. Proc. L. ("C.P.L.") § 440.10 to vacate the judgment on the ground that his attorney failed to properly represent him during plea negotiations. Resp't Appx. H. The county court denied petitioner's application, and leave to appeal that decision was denied by the Appellate Division, Fourth Department. Resp't Appx. K, O.

Petitioner now seeks a writ of habeas corpus, alleging that his trial counsel was constitutionally ineffective. Petition ("Pet.") ¶ 12, Ground One. Respondent filed an answer and memorandum of law in opposition to the petition, asserting the defense of untimeliness under 28 U.S.C. 2244(d). In the alternative, respondent asserts that petitioner's claim of ineffective assistance of counsel should be dismissed because it is without merit. Resp't Mem. at 7-13. Petitioner has not filed a

reply memorandum of law; his time to do so as provided in the scheduling order expired and he has not sought an extension of time. Accordingly, the matter is deemed submitted and ready for decision.

For the reasons that follow, the petition is dismissed as time-barred.

**III. Discussion**

**A. The petition is untimely under 28 U.S.C. § 2244(d).**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, a one-year statute of limitations applies to the filing of applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In general, the one-year period runs from the date on which the petitioner's state criminal judgment becomes final. Ross v. Artuz, 150 F.3d 97, 98 (2d Cir.1998) (citing 28 U.S.C. § 2244(d)(1)(A)); accord Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir.2000). A conviction is considered "final" "once 'the judgment of conviction [has been] rendered, the availability of appeal exhausted, and the time for petition for certiorari ... elapsed.'" McKinney v. Artuz, 326 F.3d 87, 96 (2d Cir.2003) (quoting Teague v. Lane, 489 U.S. 288, 295 (1989) (citation and internal quotation marks omitted in original), citing Clay v. United States, 537 U.S. 522 (2003) (noting the "long-recognized, clear meaning" of "finality" in the post-conviction relief context as the time when the Supreme Court

"affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires")).

Here, the Appellate Division affirmed petitioner's conviction on direct appeal, and the New York Court of Appeals denied permission to appeal on July 6, 2007. Petitioner thereafter had ninety (90) days in which to file a petition seeking a writ of certiorari in the United States Supreme Court. McKinney, 326 F.3d at 96 (citing Sup.Ct. R. 13(1) ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.")). Because petitioner did not file a petition for certiorari seeking review of the New York state-court decisions in the United States Supreme Court, his conviction became final on October 4, 2007, ninety (90) days after the date of the order denying his application for leave to appeal to the New York Court of Appeals. Id.

Petitioner was required within one year from that date, or until October 4, 2008, in which to timely file his federal habeas petition. See 28 U.S.C. 2244(d)(1)(A). The instant petition was filed with this Court on July 15, 2009, 284 days after the one-year limitations period expired on October 4, 2008.

AEDPA contains a tolling provision, however, which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); accord Smith v. McGinnis, 208 F.3d at 16. Petitioner's C.P.L. § 440.10 motion filed on August 31, 2007, is a "properly filed application" for state-court collateral review within the meaning of 2244(d)(2). However, it does not account for the 284 days of tolling needed to the petition timely filed.

Petitioner's C.P.L. § 440.10 motion was filed on August 31, 2007, before his conviction became final and the statute of limitations began to run. The Court observes that Section 2244(d)(2)'s tolling applies only if a state post-conviction motion was "pending" during the one-year limitations period, which, in petitioner's case, did not begin until October 4, 2007. Smith, 208 F.3d at 16 (citing Bennett v. Artuz, 199 F.3d 116, 119 (2d Cir.1999), aff'd, 531 U.S. 4 (2000)).[1] Thus, the time that the § 440 motion was pending between the date of filing, August 31, 2007, and October 3, 2007, is excluded from the statutory tolling because it occurred *prior* to the commencement of the one-year limitations period on October 4, 2007. See id.; 28 U.S.C.

---

[1] The respondent avers that the tolling period began on August 31, 2007, the date petitioner filed his § 440.10 motion in state court. While the Court disagrees with respondent's computation of the tolling period, the Court agrees with his conclusion that the petition is untimely.

§ 2244(d)(2). The applicable tolling period therefore did not begin until October 4, 2007. Accord Hall v. Herbert, Nos. 02Civ.2299, 02Civ.2300, 2004 WL 287115, *5 (S.D.N.Y. Feb. 11, 2004)) ("By the date that Hall's conviction became final, he had already filed his First § 440.10 Motion. Accordingly, because the AEDPA limitations period only begins to run when a conviction becomes "final," the time prior to February 16, 1997 must be excluded from the calculation of the one-year period within which Hall had to commence his habeas proceeding.); McKinley v. Woods, No. 03 CIV 3629, 2007 WL 2816196 (E.D.N.Y. Aug. 7, 2007) (finding that the only post-conviction motion filed by petitioner before his conviction that counted for statutory tolling purposes was the one that remained "under submission" during the one-year limitations period); Forman v. Artuz, 211 F.Supp.2d 415 (S.D.N.Y.2000) (stating that the toll under Section 2244(d)(2) "would begin as soon as [petitioner's] conviction became final").

The Court now turns to how much time between October 4, 2007 and July 15, 2009 was tolled by the pendency of petitioner's C.P.L. § 440.10 motion. A "properly filed" application for state review is "pending" for purposes of 28 U.S.C. § 2244(d)(2) until it has achieved final review through the state's post-conviction procedures. See Carey v. Saffold, 536 U.S. 214, 220 (2002) ("until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'")

(quotation omitted); see also Hizbullahankhamon v. Walker, 255 F.3d 65, 70-72 (2d Cir.2001). In the case of a motion to vacate a conviction under C.P.L. § 440. 10, "final resolution" is achieved once the Appellate Division denies leave to appeal the denial of the trial court's decision on the motion since under New York's procedural rules, no appeal to the Court of Appeals lies from such an order. Klein v. Harris, 667 F.2d at 283-84 (citing C.P.L. § 450.90(1); People v. Williams, 342 N.Y.S.2d at 76). Thus, once the Appellate Division denies leave to appeal the trial court's denial of a Section 440.10 motion, a petitioner has reached "the end of the road within the state system" with respect to that motion. Id. at 284 (quotation omitted). "As a result, the limitations period under AEDPA is not tolled during the pendency of an application to the Court of Appeals for leave to appeal the Appellate Division's decision on a Section 440.10 motion." Foster v. Phillips, No. 03 CIV 3629, 2005 WL 2978686, at *4 (S.D.N.Y. Nov.7, 2005) (citing Rosario v. Bennett, No. 01 Civ. 7142, 2002 WL 31852827 (S.D.N.Y. Dec. 20, 2002) (further citations omitted in original)).

In petitioner's case, the statute of limitations was tolled from October 4, 2007, until June 16, 2008, the date that the Appellate Division denied leave to appeal the trial court's denial of the C.P.L. § 440.10 motion. See Foster v. Phillips, 2005 WL 2978686, at *4 (S.D.N.Y. Nov.7, 2005) (citing King v. Greiner, No.

02 Civ. 5810, 2003 WL 57307 (S.D.N.Y. Jan. 7, 2003)). To the extent that petitioner alleges that he sought leave to appeal the Appellate Division's denial of leave, see Pet. ¶ 11(d)[2], any application to the New York Court of Appeals would not serve to toll the limitations period, because that order was not appealable under New York law, see C.P.L. § 450.90(1), and therefore is not a "properly filed application for State post-conviction or other collateral review" within the meaning of AEDPA's statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2). Accord Sykes v. Hynes, 322 F.Supp.2d 273, 276 n. 1 (E.D.N.Y.2004) (citing Artuz v. Bennett, 531 U.S. 4, 8  (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.")). Therefore, the tolling period expired on June 16, 2008,  when the Appellate Division denied leave to appeal the trial court's denial of the motion to vacate. Accord Olivero v. Fischer, 2004 WL 1202934, at *1 n.1 (W.D.N.Y.2004); Sykes v. Hynes, 322 F.Supp.2d at 276. In sum, the statutory tolling period ran from October 4, 2007 to June 16, 2008, or 256 days. This, however, falls 28 days short of the 284 days of tolling required to make the habeas petition timely; as

---

[2] The petition states that petitioner sought leave to appeal the state court's denial of his § 440.10 motion to the New York State Appellate Division, Fourth Department. Shortly thereafter, petitioner states, "Leave letter just filed; the Appellate Division denied leave." Pet. ¶ 11(e).

noted above, the petition was filed on July 15, 2009, 284 days after the limitations period expired.[3]

**B. Petitioner is not entitled to equitable tolling of the statute of limitations.**

The one-year AEDPA filing limitation is not jurisdictional and, under certain circumstances, may also be equitably tolled. Acosta v. Artuz, 221 F.3d 117, 119, 122 (2d Cir.2000) (citing Smith v. McGinnis, 208 F.3d at 17). Consequently, the period can be equitably tolled if a petitioner is able to show that extraordinary circumstances prevented him from filing his petition earlier and that he acted with reasonable diligence throughout the period sought to be tolled. Smith, 208 F.3d at 17. Petitioner has not alleged extraordinary circumstances, nor does he explain why he filed his petition 284 days after the original statute of limitations had expired. Indeed, he does not even address respondent's arguments regarding the timeliness of his petition. There is therefore no basis for invoking the doctrine of equitable tolling in petitioner's case.

**IV. Conclusion**

Because petitioner filed his federal habeas petition beyond AEDPA's one-year deadline, and because he was not entitled to

---

[3] Stated differently, the tolling period did not begin until October 4, 2007, or the day petitioner's conviction became final. The pendency of his post-conviction proceeding ended on June 16, 2008, which essentially commenced the running of the one-year statute of limitations. Petitioner would have had to have filed his petition no later than June 16, 2009, in order for it to be timely.

sufficient statutory tolling during that period, or for equitable tolling, his federal petition is barred by the statute of limitations. His petition for a writ of habeas corpus must therefore be denied. No certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:    May 10, 2011
          Rochester, New York